1    Susan E. Coleman (SBN 171832)
     E-mail:  scoleman@bwslaw.com
2    BURKE, WILLIAMS & SORENSEN, LLP
     444 South Flower Street, Suite 2400
3    Los Angeles, CA  90071-2953
     Tel:  213.236.0600      Fax:  213.236.2700
4
     Attorneys for Defendants
5    COUNTY OF SAN BERNARDINO,
     ARROWHEAD REGIONAL MEDICAL
6    CENTER, MINH HANG CHAU, NOEL HUI, and
     EDMOND KO
7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11   WILLIAM J. RICHARDS,                   Case No. 5:18-cv-00912-JGB-SHK

12              Plaintiff,                   **DEFENDANTS COUNTY OF SAN
                                             BERNARNDINO, ARROWHEAD
13   v.                                      REGIONAL MEDICAL CENTER,
                                             CHAU, HUI, AND KO'S NOTICE
14   CHARLES PICKETT, JOHN                   OF MOTION AND MOTION TO
     PARSONS, ESTATE OF DONALD B.            DISMISS FIRST AMENDED
15   THORNTON, BONIFACIO C.                  COMPLAINT; MEMORANDUM
     ESPERANZA, JOHN CULTON,                 OF POINTS AND AUTHORITIES
16   DAVID DUNN, NICHOLAS                    IN SUPPORT**
     AGUILERA, JOSEPH  BICK,
17   ESTATE OF RAY ANDREASEN,
     NABIL ATHANASSIOUS, ELI                 Date:  November 19, 2018
18   RICHMAN, BALRAJ DHILLON,                Time: 9:00 a.m.
     DEEPAK MEHTA, JOHN PRINCE,              Ctrm: 1
19   MINH HANG CHAU, NOEL HUI,
     EDMUND KO,  ARROWHEAD                   Judge:      Hon. Jesus G. Bernal
20   REGIONAL MEDICAL CENTER,
     COUNTY OF SAN BERNARDINO,
21   and DOES 1 through 10, inclusive,

22              Defendants.

23

24

25          TO THE COURT, PLAINTIFF WILLIAM RICHARDS, AND HIS

26   ATTORNEYS OF RECORD:

27   ///

28   ///

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4837-3999-0902 v1
10/5/18                          - 1 -                5:18-CV-00912-JGB-SHK
                                                      COUNTY DEFTS' MTD

1   PLEASE TAKE NOTICE that on November 19, 2018 at 9:00 a.m., or as

2   soon thereafter as the motion may be heard in Courtroom 1 of the above-entitled

3   court, located at 3470 Twelfth Street Riverside, CA 92501, Defendants County of

4   San Bernardino, Arrowhead Regional Medical Center, Chau, Hui, and Ko will

5   move this Court for an order to dismiss them from the First Amended Complaint

6   and enter judgment in their favor pursuant to Federal Rules of Civil Procedure

7   12(b)(1) and 12(b)(6). The Motion is based upon the grounds that Plaintiff's

8   Plaintiffs Amended Complaint does not state any viable claims for relief against

9   Defendants County of San Bernardino, Arrowhead Regional Medical Center, Chau,

10   Hui, or Ko, and specifically the following:

11       1.    The complaint is barred by the statute of limitations.

12       2.    Plaintiff fails to state a claim against any defendants, including

13   individuals Chau, Hui, and Ko, as Plaintiff does not make specific factual

14   allegations demonstrating these individuals violated his constitutional rights.  Nor

15   does Plaintiff sufficiently allege the County or Arrowhead Regional Medical Center

16   violated his constitutional rights under a *Monell* theory or otherwise.

17       3.    Defendants Chau, Hui, and Ko are entitled to qualified immunity

18   because their conduct was not unlawful and they would not have been on notice

19   they were violating clearly established law.

20       4.    Plaintiff fails to state a claim against the County of San Bernardino

21   and the Arrowhead Regional Medical Center for *Monell* liability.

22       Defendants' Motion is based upon this Notice of Motion and Motion,

23   Plaintiff's First Amended Complaint, all pleadings and records on file in this case,

24   and on such further authority, evidence, or arguments, as may be presented at or

25   before the time of any hearing.

26       Pursuant to L.R. 7-3, Defense counsel began meeting and conferring with

27   respect to the statute of limitations issue on August 24, 2018.  On August 27, 2018,

28   Defense counsel raised the issue of failure to state specific facts regarding the

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4837-3999-0902 v1
10/5/18

- 2 -

5:18-CV-00912-JGB-SHK
COUNTY DEFTS' MTD

conduct of any individual defendant, and the entitlement to qualified immunity for individual defendants.  The parties spoke at length about these issues on September 6, 2018.  After Plaintiff filed a First Amended Complaint, Defendants' counsel sent further correspondence to Plaintiff's counsel but the parties agreed it would be futile to further meet and confer about the same issues.

Dated:  October 5, 2018                    BURKE, WILLIAMS & SORENSEN, LLP


                                           By: /s/ Susan E. Coleman
                                                Susan E. Coleman

                                           Attorneys for Defendants
                                           COUNTY OF SAN BERNARDINO,
                                           ARROWHEAD REGIONAL MEDICAL
                                           CENTER, MINH HANG CHAU, NOEL
                                           HUI, and EDMOND KO

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4837-3999-0902 v1
10/5/18

- 3 -

5:18-CV-00912-JGB-SHK
COUNTY DEFTS' MTD

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION .................................................................................. 1

II.   FACTUAL ALLEGATIONS RELATING TO COUNTY OF SAN
      BERNARDINO, ARROWHEAD REGIONAL MEDICAL CENTER,
      DOCTORS CHAU, HUI, AND KO ............................................................ 2

      A.    Doctors Chau, Hui and Ko...................................................... 2

      B.    County of San Bernardino ....................................................... 2

      C.    Arrowhead Regional Medical Center ...................................... 3

III.  LEGAL STANDARD .......................................................................... 3

IV.   THIS SUIT IS BARRED BY THE STATUTE OF LIMITATIONS ............. 5

V.    RICHARDS FAILS TO STATE A CLAIM AGAINST
      DEFENDANTS COUNTY OF SAN BERNARDINO,
      ARROWHEAD REGIONAL MEDICAL CENTER, CHAU, HUI, OR
      KO .................................................................................................... 7

VI.   CHAU, HUI, AND KO ARE ENTITLED TO QUALIFIED
      IMMUNITY ....................................................................................... 10

      A.    Legal Standard ...................................................................... 10

      B.    Doctors Chau, Hui, and Ko Did Not Violate Richards' Rights
            and Would Not Be On Notice That Treating Him Would Be
            Unlawful ............................................................................... 12

VII.  PLAINTIFF FAILS TO STATE A CLAIM AGAINST THE
      COUNTY AND ARROWHEAD REGIONAL MEDICAL CENTER ........ 12

VIII. CONCLUSION ................................................................................. 14

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

- i -

5:18-CV-00912-JGB-SHK
COUNTY DEFTS' MTD

1

# <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

## Federal Cases

4

5

*Ashcroft v. al-Kidd,*
   563 U.S. 731 (2011) ........................................................................... 11

6

7

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009) ........................................................... 3, 4, 13, 14

8

*Balisteri v. Pacifica Police Dept.,*
   901 F.2d 696 (1988) ............................................................................ 4

9

10

*Bd. of Regents v. Tomanio,*
   446 U.S. 478 (1980) ............................................................................ 5

11

12

*Bell Atl. Corp. v. Twombly,*
   550 U.S. 544 (2007) ........................................................... 3, 4, 13, 14

13

14

*Bianchi v. Bellingham Police Dep't,*
   909 F.2d 1316 (9th Cir. 1990) ............................................................ 5

15

16

*Braxton-Secret v. A.H. Robins Co.,*
   769 F.2d 528 (9th Cir. 1985) .............................................................. 6

17

18

*City and County of San Francisco, Calif. v. Sheehan,*
   135 S. Ct. 1765 (2015) ...................................................................... 11

19

*City of Los Angeles v. Heller,*
   475 U.S. 796 (1986) .......................................................................... 12

20

21

*Compton v. Ide,*
   732 F.2d 1429 (9th Cir. 1984) ............................................................ 6

22

23

*DM Research Inc. v. College of American Pathologists,*
   170 F.3d 53 (1st Cir. 1999) ................................................................. 8

24

25

*Elliot v. City of Union City,*
   25 F.3d 800 (9th Cir. 1994) ................................................................ 5

26

27

*Figueroa v. Gates,*
   207 F.Supp.2d 1085 (C.D. Cal. 2002) .............................................. 12

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

*Grosz v. Lassen Community College District*,
   at * 2 (E.D. Cal. Dec. 11, 2007) .......................................................... 9

*Hardin v. Straub*,
   490 U.S. 536 (1989) ............................................................................. 5

*Harlow v. Fitzgerald*,
   457 U.S. 800 (1982) ........................................................................... 10

*Honesto v. Brown*,
   No. 2:15-cv-0076 AC P, 2017 WL 784901 (E.D. Cal. Mar. 1, 2017) ................. 8

*Hunter v. Bryant*,
   502 U.S. 224 (1991) ........................................................................... 10

*Ivey v. Bd. of Regents*,
   673 F.2d 266 (9th Cir. 1982) ............................................................... 4

*J.K.G. v. Cty. of San Diego*,
   No. 11CV305 JLS RBB, 2011 WL 5218253 (S.D. Cal. Nov. 2,
   2011) .................................................................................................. 13

*Johnson v. Duffy*,
   588 F.2d 740 (9th Cir. 1978) ............................................................... 7

*Kimes v. Stone*,
   84 F.3d 1121 (9th Cir. 1996) ............................................................... 6

*Leer v. Murphy*,
   844 F.2d 628 (9th Cir. 1988) ........................................................... 7, 8

*Levine v. City of Alameda*,
   525 F.3d 903 (9th Cir. 2008) ............................................................. 13

*Maciel v. Cal. Dep't of Corr. and Rehab.*,
   No. 1:16-cv-00996-DAD-MJS (PC), 2017 WL 1106038 (E.D. Cal.
   Marc. 23, 2017.) ................................................................................. 8

*Maldonado v. Harris*,
   370 F.3d 945 (9th Cir. 2004) ............................................................... 6

*Mattos v. Agarano*,
   661 F.3d 433 (9th Cir.2011) (en banc) .............................................. 12

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4837-3999-0902 v1
10/5/18

- iii -

5:18-CV-00912-JGB-SHK
COUNTY DEFTS' MTD

*May v. Enomoto,*
 633 F.2d 164 (9th Cir. 1980) ............................................................. 5, 7

*Monell v. Dep't of Social Services,*
 436 U.S. 658 (1978) ....................................... 1, 7, 12, 13, 14

*Moss v. U.S. Secret Service,*
 572 F.3d 962 (9th Cir. 2009) ................................................................ 4

*Owens v. Okure,*
 488 U.S. 235 (1989) ............................................................................ 5

*Pearson v. Callahan,*
 555 U.S. 223 (2009) ..................................................................... 10, 11

*Rizzo v. Goode,*
 423 U.S. 362 (1976) ............................................................................ 7

*Saucier v. Katz,*
 533 U.S. 194 (2001) ..................................................................... 10, 11

*Smile Care Dental Group v. Delta Dental Plan of Cal., Inc.,*
 88 F.3d 780 (9th Cir. 1996) ................................................................. 4

*St. Clare v. Gilead Scis., Inc.,*
 536 F.3d 1049 (9th Cir. 2008) ............................................................. 3

*Taylor v. Cty. of San Bernardino,*
 No. EDCV 09-1829-MMM MAN, 2012 WL 4372293 (C.D. Cal.
 Mar. 20, 2012) .................................................................................... 13

*Taylor v. List,*
 880 F.2d 1040 (9th Cir. 1989) ............................................................. 8

*Via v. City of Fairfield,*
 833 F. Supp. 2d 1189 (E.D. Cal. 2011) ............................................. 13

*Ward v. Westinghouse Canada, Inc,*
 32 F.3d 1405 (9th Cir. 1994) ............................................................... 5

*Wilson v. Garcia,*
 471 U.S. 261 (1985) ............................................................................ 5

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4837-3999-0902 v1
10/5/18

- iv -

5:18-CV-00912-JGB-SHK
COUNTY DEFTS' MTD

## State Cases

*Goodrich v. Natural Y Surgical Specialties, Inc.*,
  25 Cal.App.4th 722 (1994) ................................................................ 6

## Federal Statutes

42 U.S.C. § 1983 .......................................................................... 1, 5, 7

Federal Civil Rights Act .................................................................. 5, 7

## State Statutes

Code Civ. Proc. § 352.1(a) ...................................................................... 5

Code Civ. Proc. § 355.1 ........................................................................... 5

## Rules

Fed.R.Civ.P. 8(a) ..................................................................................... 9

Fed.R.Civ.P. 8(a)(1) ............................................................................... 4

Fed.R.Civ.P. 9(a) ..................................................................................... 8

Fed.R.Civ.P. 12(b)(6) ............................................................................. 3

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4837-3999-0902 v1
10/5/18

- v -

5:18-CV-00912-JGB-SHK
COUNTY DEFTS' MTD

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiff William Richards has brought this lawsuit under section 1983 alleging defendants were deliberately indifferent to his medical needs, namely prostate cancer, over more than a decade of his incarceration.  He does not sue under state law negligence theories, likely because he did not file state tort claims and would be barred from proceeding.  Instead, Plaintiff sues medical doctors employed by the California Department of Corrections and Rehabilitation (CDCR) during part of the term of his state prison imprisonment, from 2002 to 2010, for violating his constitutional rights by denying him adequate medical care. During the time Plaintiff was intermittently in the custody of the County of San Bernardino for habeas proceedings, from 2008 to 2013, he sues the County, Arrowhead Regional Medical Center (contracted by the county), and Doctors Prince[1], Chau, Hui, and Ko, on similar grounds.  (*See* FAC [Doc. #35] at 6, 15.)  Plaintiff also faults the County policies for provision of medical care under a *Monell* theory.  (*See id.*)

Plaintiff filed his Complaint on April 30, 2018.  (Doc. #1.)  After the parties were served, and counsel met and conferred, Plaintiff filed a First Amended Complaint on September 14, 2018.  (Doc. #35.)  Despite having met and conferred, Plaintiff's First Amended Complaint still fails to plead any specific facts showing that Chau, Hui, or Ko violated his rights, and they are entitled to qualified immunity given that a reasonable doctor would not have been on notice treating Plaintiff would violate the law.  Nor does the First Amended Complaint demonstrate the County had unconstitutionally deficient policies under a *Monell* theory.  Most importantly, the operative complaint violates the statute of limitations.  Even with two years tolling for incarceration, Plaintiff should have filed suit for any deficient medical care that occurred by the end of 2013, by

---

[1] Dr. Prince is retired and has not been served, to defense counsel's knowledge.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4837-3999-0902 v1
10/5/18

- 1 -

5:18-CV-00912-JGB-SHK
COUNTY DEFTS' MTD

December 31, 2017.  Instead, his lawsuit was filed in April 2018, past the cutoff to sue for 2013 or any earlier medical care.

Accordingly, the Complaint should be dismissed in its entirety.

## II.   FACTUAL ALLEGATIONS RELATING TO COUNTY OF SAN BERNARDINO, ARROWHEAD REGIONAL MEDICAL CENTER, DOCTORS CHAU, HUI, AND KO[2] Doctors Chau, Hui and Ko

Plaintiff notes that he was treated in the San Bernardino County jails, at Arrowhead Regional, and by ARMC employees Prince, Chau, Hui, Ko, and Doe between the years 2008-2013.  (FAC ¶ 46.)  Plaintiff contends that a biopsy was recommended in June 2008, and he was referred to urology, but he did not obtain a urology consult until December 2009 with Dr. Athanassious (CDCR).  (FAC ¶¶ 49-50.)  He did not receive a biopsy until September 2011.  (FAC ¶ 51.)

Plaintiff contends that after his biopsy in September 2011, he received no further curative treatment from his providers including Doctors Chau, Hui, and Ko until August 2012, when he received cryoablation.  (FAC ¶ 54.)   After this treatment, Plaintiff's PSA levels rose and he underwent intermittent ADT treatment until his release from custody in June 2016.  (FAC ¶ 57.)  In May 2016, Plaintiff was told by his oncologist that his cancer was terminal; however, to date his cancer continues to respond to hormone therapy.  (FAC ¶¶ 58-59.)

### B.   County of San Bernardino

Plaintiff apparently was in CDCR custody and transferred to the County for various hearings and proceedings between 2008 and 2012, so he sues employees of both entities during the same time period, making the task of identifying the individual defendants alleged to be at fault more difficult.  (*See, e.g*., FAC ¶¶ 50-52.)  Plaintiff contends that in June 2009, Plaintiff's habeas attorneys sent letters to CDCR representatives requesting that Plaintiff receive immediate treatment for the

---

[2] Defendants do not concede any of these allegations are true except for the purposes of this Motion to Dismiss.

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4837-3999-0902 v1
10/5/18

- 2 -

5:18-CV-00912-JGB-SHK
COUNTY DEFTS' MTD

recurrence of his cancer.  (FAC ¶ 53.)

Plaintiff alleges that the County hired medical personnel predisposed to delay or deny prisoners' access to medical care or fail to provide adequate medical care. (FAC ¶ 70.)

### C.  <u>Arrowhead Regional Medical Center</u>

Plaintiff contends that ARMC knew or should have known Plaintiff was suffering from a serious but treatable medical condition and they denied or delayed his access to diagnosis, medical care, treatment, follow up, and supervision, with deliberate indifference to the risk of harm.  (FAC ¶ 71.)  Plaintiff further alleges that the individual defendants and ARMC were responsible to carry out the policies, practices and customs of the CDCR and San Bernardino County Sheriff's Department[3].  (FAC ¶ 72.)

## III.  LEGAL STANDARD

The standard of pleading that a complaint must meet has been raised by the United States Supreme Court in its *Twombly* and *Iqbal* decisions.  Conclusory or unwarranted deductions of fact, and unreasonable inferences, will not allow a complaint to stand.  The United States Supreme Court has made clear through a heightened standard that formulaic pleading alone will not allow a complaint to survive Rule 12(b)(6). To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In other words, a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Id*. at 555.  Though a court is to assume plaintiff's allegations are true, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *St. Clare v. Gilead Scis., Inc.*, 536 F.3d 1049,

---

[3] ARMC contracts with the County to care for prisoners; however, it is not an agent of the State Department of Corrections nor is it affiliated with the Sheriff's Department, which is also a subsidiary of the County.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4837-3999-0902 v1
10/5/18

- 3 -

5:18-CV-00912-JGB-SHK
COUNTY DEFTS' MTD

1   1055 (9th Cir. 2008).

2       In 2009, the Supreme Court clarified that this standard requires plaintiff to

3   allege facts that add up to "more than a sheer possibility that a defendant has acted

4   unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, (2009).  A claim is plausible only

5   when the facts pled "allow[] the court to draw the reasonable inference that the

6   defendant is liable for the misconduct alleged." *Id*. at 1949 (*citing Twombly*, 550

7   U.S. at 556).  The court is not obligated to accept as true "legal conclusions"

8   contained in the complaint. *Id*. "[W]here the well-pleaded facts do not permit the

9   court to infer more than the mere possibility of misconduct, the complaint has

10  alleged – but it has not show[n] – that the pleader is entitled to relief." *Id*. at 1950.

11  As the Ninth Circuit noted, "In sum, for a complaint to survive a motion to dismiss,

12  the non-conclusory 'factual content,' and reasonable inferences from that content,

13  must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S.*

14  *Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (*quoting Ibqal*, at 1949).

15      The basic pleading standard for civil rights complaints calls for inclusion of

16  clear, factual allegations in support of each cause of action, and that such

17  allegations are not vague or based on mere conclusions. *Ivey v. Bd. of Regents*, 673

18  F.2d 266, 268 (9th Cir. 1982).  Claims may be dismissed because they fail to allege

19  sufficient facts to support any cognizable legal claim. *Smile Care Dental Group v.*

20  *Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 783 (9th Cir. 1996), *cert. denied*, 519

21  U.S. 1028 (1996).  While the Federal Rules require merely that the complaint place

22  defendants on notice of what it is they are being sued for, a plaintiff's pleading

23  obligations are not non-existent.  On the contrary, plaintiff must put forth a short,

24  plain statement showing that they are entitled to relief. *See* Fed. R. Civ. P. 8(a)(1).

25  Dismissal is proper where there is either a "lack of a cognizable legal theory" or

26  "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v.*

27  *Pacifica Police Dept.*, 901 F.2d 696, 699 (1988).

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4837-3999-0902 v1
10/5/18

- 4 -

5:18-CV-00912-JGB-SHK
COUNTY DEFTS' MTD

**IV.   THIS SUIT IS BARRED BY THE STATUTE OF LIMITATIONS**

Plaintiff filed suit initially on April 30, 2018.  (Doc. #1.)  He was released from prison in June 2016.  Therefore, even with two years tolling for incarceration, he is barred from suing for any issues that occurred before June 2014. Plaintiff's claims against the County, ARMC and its employees occur from 2009 to 2012.

Plaintiff's operative complaint indicates that it arises under the Civil Rights Act, 42 U.S.C. § 1983. There is no specified statute of limitations for a § 1983 action; therefore, the federal courts apply the state law of limitations governing an analogous cause of action. *Bd. of Regents v. Tomanio*, 446 U.S. 478, 483-84 (1980). Federal courts look to state law to determine not only the length of the limitations period, but also closely related questions of tolling and application. *Wilson v. Garcia*, 471 U.S. 261, 269 (1985); *Bianchi v. Bellingham Police Dep't*, 909 F.2d 1316, 1318 (9th Cir. 1990); *May v. Enomoto*, 633 F.2d 164, 166 (9th Cir. 1980). The statute of limitations for an action filed under § 1983 is the state's general or residual statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 280 (1985); *Owens v. Okure*, 488 U.S. 235, 249-50 (1989). California's residual statute of limitations is two years. Cal. Code Civ. Proc. § 355.1.

Federal courts also apply the tolling rules of the state, unless they are inconsistent with federal law. *Hardin v. Straub*, 490 U.S. 536, 543-44 (1989). California's tolling statute provides for up to two years of tolling for non-life prisoners. Cal. Code Civ. Proc. § 352.1(a). Thus, Plaintiff was required to bring suit within four years of the date his claims accrued.

Federal law governs when a claim accrues. *Elliot v. City of Union City*, 25 F.3d 800, 801-02 (9th Cir. 1994). An action ordinarily accrues on the date of the injury, *Ward v. Westinghouse Canada, Inc*, 32 F.3d 1405, 1407 (9th Cir. 1994), or when the plaintiff has reason to know of the injury which is the basis of the action. *Elliot*, 25 F.3d at 805. Under this rule, the statute of limitations begins to run when a plaintiff suspects, or should suspect, that his injury was caused by wrongdoing.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4837-3999-0902 v1
10/5/18

- 5 -

5:18-CV-00912-JGB-SHK
COUNTY DEFTS' MTD

*Braxton-Secret v. A.H. Robins Co*., 769 F.2d 528, 530 (9th Cir. 1985); *Goodrich v. Natural Y Surgical Specialties, Inc*., 25 Cal.App.4th 722, 779 (1994). Once a person has notice or information sufficient to put a reasonable person on inquiry, the limitations period begins to run. *Braxton-Secret*, 768 F.2d at 530. "When a plaintiff has notice of wrongful conduct, it is not necessary that he have knowledge of all the details or all the persons involved in order for his cause of action to accrue." *Compton v. Ide,* 732 F.2d 1429, 1433 (9th Cir. 1984). Thus, Plaintiff's claims for relief accrued when he knew, or should have known, of the alleged injury which forms the basis for his claims. See *Maldonado v. Harris*, 370 F.3d 945, 955 (9th Cir. 2004); *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996).

Although Plaintiff may contend his claim did not accrue until he was told in May 2016 that his cancer was terminal (*see* FAC ¶ 58), this was merely the culminating event from years of having prostate cancer.  Plaintiff alleges he had symptoms consistent with the onset of prostate cancer back in 2002 to 2004.  (FAC ¶ 27.)  Plaintiff received an abnormal PSA test of 3.8 in September 2003.  (*Id*. ¶ 28.)  Plaintiff alleges that although these test results were put in his file, he was not diagnosed until 2007.  (*Id*. ¶¶ 29-32.)  Plaintiff faults CDCR doctors for failure to counsel him, conduct further tests, or follow up on his abnormal PSA results.  (*See id*.)  Plaintiff contends his prostate cancer grew aggressively during the years he did not receive treatment at CVSP from 2002 to 2004, resulting in it becoming more advanced and difficult to cure.  (FAC ¶ 36.)  In March 2007, Plaintiff had a PSA test of 6.8, which resulted in referral to a urologist, a biopsy, and a diagnosis of adenocarcinoma of the prostate.  (FAC ¶ 40.)  Plaintiff contends if he received earlier screening and testing, it "would have improved his chance of cure" and as a result he "was diagnosed years late."  (FAC ¶ 41.)

Plaintiff's allegations about failure to properly treat his prostate cancer during his incarceration in state prison, starting in 2003 or earlier and continuing until his release, undermine his premise that his claim for deliberate indifference to

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4837-3999-0902 v1
10/5/18

- 6 -

5:18-CV-00912-JGB-SHK
COUNTY DEFTS' MTD

his medical needs for treatment of his prostate cancer did not accrue until later.

As a prime example, Plaintiff sues the County and ARMC and its employees Chau, Hui, and Ko for their treatment (or lack thereof) from 2009 to 2013.  (FAC ¶¶ 17-18.)  However, Plaintiff knew in July 2007 that he had adenocarcinoma of the prostate.  (*Id.* ¶ 40.)  Thus, any complaints about his cancer treatment during subsequent years (2009 – 2013) should have been raised within four years, at a maximum.  Plaintiff's claims from 2013 and earlier are barred by the statute of limitations and his Complaint should be dismissed.

## V.   RICHARDS FAILS TO STATE A CLAIM AGAINST DEFENDANTS COUNTY OF SAN BERNARDINO, ARROWHEAD REGIONAL MEDICAL CENTER, CHAU, HUI, OR KO

Richards' claims against the County, ARMC, and its employees are based on his allegations about deficient medical care during the time period from 2009 to 2013.  However, he groups these defendants together, generalizing the medical care – or lack thereof – during this time period without naming specific actions or failures by individuals.   The courts have firmly established that conflating defendants together is insufficient to state a claim, and Plaintiff's lack of factual allegations relating to each specific defendant is improper for section 1983 liability.

The Federal Civil Rights Act provides liability only against those who, through their personal involvement or failure to perform legally required duties, caused another's constitutionally protected rights to be violated.  *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).  Thus, liability for a federal rights civil rights violation will not arise from *respondeat superior* or any other theory of vicarious liability. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-92 (1978).  There is no liability under § 1983 without some affirmative link or connection between a defendant's actions and the claimed deprivation.  *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4837-3999-0902 v1
10/5/18

- 7 -

5:18-CV-00912-JGB-SHK
COUNTY DEFTS' MTD

Further, Plaintiff may not attribute liability to a group of defendants, but must "set forth specific facts as to each individual defendant's" deprivation of his rights. *Lee v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). A plaintiff "must include more than a blanket statement that Defendants 'knew' of the dangers posed by valley fever and did nothing. [The plaintiff] must explain how each individual knew, whether by virtue of his or her position or otherwise, or the danger faced by Plaintiff, was in a position where he or she could have done something about it, and yet knowingly took no action." *Maciel v. Cal. Dep't of Corr. and Rehab.*, No. 1:16-cv-00996-DAD-MJS (PC), 2017 WL 1106038, at *5 (E.D. Cal. Marc. 23, 2017.) "A complaint that fails to identify the specific acts of a defendant who allegedly violated plaintiff's constitutional rights fails to meet the notice requirements of Federal Rule of Civil Procedure 9(a)." *Honesto v. Brown,* No. 2:15-cv-0076 AC P, 2017 WL 784901, at *6 (E.D. Cal. Mar. 1, 2017) (citing *Hutchinson v. United States*, 677 F.2d. 1322, 1328 n.5 (9th Cir. 1982).

Here too, Plaintiffs' First Amended Complaint fails to allege any specific actions or inactions by Defendants Chau, Hui, and Ko. Rather, it alleges that they were "physicians and employees and/or agents of ARMC, the COUNTY, and the CDCR acting under color of law, who were responsible for providing, supervising, and managing the medical care attention, and treatment given to prisoners." (FAC ¶ 18.) Plaintiff fails to specify any alleged actions or inactions, except that they were in charge of his care for a number of years after his cancer was diagnosed and before it was terminal. Because Plaintiff has failed to identify a single tangible act of wrongdoing by Doctors Chau, Hui, or Ko, these Defendants have no notice of what they supposedly did wrong. Accordingly, Defendants are prejudiced in their ability to respond to these allegations and prepare their defense. The point of the federal pleading standards are to prevent fishing expeditions against these individual defendants and the County. *See DM Research Inc. v. College of*

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4837-3999-0902 v1
10/5/18

- 8 -

5:18-CV-00912-JGB-SHK
COUNTY DEFTS' MTD

*American Pathologists*, 170 F.3d 53, 55 (1st Cir. 1999) (Conclusory allegations in a complaint, if they stand alone, are a danger sign that the plaintiff is engaged in a fishing expedition."); *Grosz v. Lassen Community College District*, at * 2 (E.D. Cal. Dec. 11, 2007) ("Rule 8(a) does not permit plaintiffs to file a complaint premised solely on generalized allegations of discrimination in order to justify a fishing expedition into potential violations by defendants."). Accordingly, Plaintiff's claims against Defendants Chau, Hui, and Ko should be dismissed.

This failure to specify acts of wrongdoing by individual defendants is compounded by the fact that Plaintiff appears to blame the CDCR, the state agency which incarcerated him, the San Bernardino County jail system, where he stayed during intermittent habeas hearings, and ARMC, where he was treated at times while housed in the county jail. Defendants Chau, Hui, and Ko are employees of ARMC. While Plaintiff includes specific allegations against some CDCR defendants, he fails to list specifics about Defendants Chau, Hui, Ko, the County, or Arrowhead Regional Medical Center, other than alleging they were responsible for his health care. (*See* FAC ¶¶ 18, 46.) Plaintiff also notes that he was housed at the California Medical Facility (CMF) in Vacaville from 2008 to 2016, when he was not in a jail facility. (FAC ¶ 44.)

Plaintiff contends he had a biopsy in September 2011 (without noting the results of this biopsy) but received no treatment was provided until August 2012, when he had cryoablation at the Loma Linda University Medical Center. (*Id*. ¶ 54.) Plaintiff blames Doctors Chau, Hui, and Ko for failure to provide him with earlier curative treatment, as well as CDCR doctors at CMF. (*Id.* ¶¶ 54-55.) Plaintiff indicates his PSA levels rose again after his 2012 cryoablation, and he underwent intermittent ADT treatment until his release in June 2016. (*Id.* ¶ 57.) While they may state a claim for negligence, these allegations are insufficient to state a claim for deliberate indifference to Plaintiff's medical needs, especially because Plaintiff

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4837-3999-0902 v1
10/5/18

- 9 -

5:18-CV-00912-JGB-SHK
COUNTY DEFTS' MTD

1  does not have allegations that any specific doctor knew about the purported delay in

2  treatment.

3  **VI.    CHAU, HUI, AND KO ARE ENTITLED TO QUALIFIED**

4       **IMMUNITY**Doctors Chau, Hui and Ko are also entitled to qualified

5  immunity because they did not violate Richards' constitutional rights, and would

6  not have been on notice that their involvement in treating Richards' prostate cancer

7  would be unlawful even if there were some delays in obtaining curative treatment.

8  There is no legal authority that a delay in medical treatment rises to the level of a

9  constitutional violation, without more.

10       **A.    Legal Standard**

11       Qualified immunity shields an official from civil damages liability unless his

12  conduct violated clearly established law, of which a reasonable official would have

13  known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  Thus, officials are

14  afforded "ample room for mistaken judgments by protecting all but the plainly

15  incompetent or those who knowingly violate the law." *Hunter v. Bryant*, 502 U.S.

16  224, 229 (1991) (internal quotes and citation omitted).  Qualified immunity applies

17  to mistaken judgments, regardless of whether the officials make a mistake of law,

18  fact, or some combination of the two. *Pearson v. Callahan*, 555 U.S. 223 (2009).

19       Constitutional requirements are not always clear-cut at the time that action is

20  required by officials. *Saucier v. Katz*, 533 U.S. 194, 205-06 (2001).  But qualified

21  immunity ensures that officials are on notice that their conduct is unlawful before

22  they are subjected to suit. *Id.*  It, therefore, prevents officials from being distracted

23  from their governmental duties or inhibited from taking necessary discretionary

24  action. *Harlow*, 457 U.S. 800 at 816.  It also prevents "deterrence of able people

25  from public service." *Id.*

26       In *Saucier v. Katz*, the Supreme Court explained that an official is entitled to

27  qualified immunity unless:  (1) the plaintiff alleges facts showing a constitutional

28  violation and (2) it was clearly established, at the time, that the conduct was

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4837-3999-0902 v1
10/5/18

- 10 -

5:18-CV-00912-JGB-SHK
COUNTY DEFTS' MTD

unconstitutional. *Saucier v. Katz*, 533 U.S. at 201. "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." *Id.* Under the second prong, the inquiry is as to whether the right was clearly established, meaning that the contours of the right were sufficiently clear that a reasonable official would understand that what he is doing violates that right. *Id.* The dispositive inquiry is "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* "If the officer's mistake as to what the law requires is reasonable, . . .the officer is entitled to the immunity defense." *Id.* at 205. Courts have discretion to decide which prong of the qualified immunity analysis to address first in light of the circumstances in each case. *Pearson*, 555 U.S. at 236.

Further, the Supreme Court has held that courts should not define "clearly established law" at a high level of generality. *Ashcroft v. al-Kidd,* 563 U.S. 731, 131 S. Ct. 2074, 2084, 179 L.Ed.2d 1149 (2011) (holding that "the general proposition, for example, that an unreasonable search or seizure violates the Fourth Amendment is of little help in determining whether the violative nature of particular conduct is clearly established."). The Supreme Court stated that qualified immunity is no immunity at all if 'clearly established' law is defined broadly. *See also City and County of San Francisco, Calif. v. Sheehan,* 135 S. Ct. 1765, 192 L. Ed. 2d 856 (2015) (holding that the Fourth Amendment analysis under *Graham v. Connor* was a "nonstarter" because a cursory glance at the facts of *Graham* confirm it was different than the instant situation).

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4837-3999-0902 v1
10/5/18

- 11 -

5:18-CV-00912-JGB-SHK
COUNTY DEFTS' MTD

**B.** **Doctors Chau, Hui, and Ko Did Not Violate Richards' Rights and**
**Would Not Be On Notice That Treating Him Would Be**
**Unlawful**As noted above, Plaintiff's allegations are insufficient to
state a cognizable claim for deliberate indifference by Doctors Chau, Hui, or Ko to
his medical needs but rather seem to allege negligence in delaying treatment.
Moreover, Defendants would not have been on notice that a delay in Plaintiff's
treatment was unconstitutional, particularly given the vagueness of the factual
allegations.  Plaintiff does not specify the results of his biopsy in September 2011
or what they meant, but he nevertheless faults defendants for providing "no further
curative treatment" for 11 months thereafter.  (FAC ¶ 54.)  Given that Plaintiff may
have been in both state and county custody during this time, and his biopsy results
are unclear, no doctor would have reasonably believed a delay in receiving
cryoablation treatment was unconstitutional.  Even if the delay in care was a
mistake, and there is no evidence it was intentional, defendants are entitled to
qualified immunity.  "Qualified immunity shields an [individual] from liability
even if his or her action resulted from a mistake of law, a mistake of fact, or a
mistake based on mixed questions of law and fact." *Mattos v. Agarano*, 661 F.3d
433, 440 (9th Cir.2011) (en banc) (internal citation omitted.)

**VII.** **PLAINTIFF FAILS TO STATE A CLAIM AGAINST THE COUNTY**
**AND ARROWHEAD REGIONAL MEDICAL CENTER**

Plaintiff's fails to state a *Monell* claim because his underlying claims fail and
because his conclusory allegations of *Monell* liability do not state a claim against
the County or Arrowhead Regional Medical Center and should be dismissed.

First, Plaintiff's *Monell* claims fail because he fails to state an underlying
claim against the individual County employees.  Absent an underlying
constitutional rights violation, the County cannot be held liable under *Monell*.  *See*
*City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986); *Figueroa v. Gates*, 207
F.Supp.2d 1085, 1101 (C.D. Cal. 2002).

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4837-3999-0902 v1
10/5/18

- 12 -

5:18-CV-00912-JGB-SHK
COUNTY DEFTS' MTD

Second, *Monell* liability will attach only where a municipality's policies or customs evidence a "deliberate indifference" to the constitutional right and are a "moving force behind the constitutional violation." *Levine v. City of Alameda*, 525 F.3d 903, 907 (9th Cir. 2008); *Monell v. Department of Social Services*, 436 U.S. 658 (1978).  After *Iqbal*, conclusory allegations of municipal policy do not state a claim for relief. The allegations must include facts showing the plausibility of those statements. *Iqbal*, 556 U.S. at 663; *see also Via v. City of Fairfield*, 833 F. Supp. 2d 1189, 1196 (E.D. Cal. 2011) (noting "[s]ince *Iqbal* courts have repeatedly rejected such conclusory allegations that lack factual content from which one could plausibly infer *Monell* liability"); *Taylor v. Cty. of San Bernardino*, No. EDCV 09-1829-MMM MAN, 2012 WL 4372293, at *5 (C.D. Cal. Mar. 20, 2012), *report and recommendation adopted*, No. EDCV 09-1829-MMM MAN, 2012 WL 4372175 (C.D. Cal. Sept. 23, 2012) ("Moreover, after *Twombly* and Iqbal, conclusory allegations that merely recite the elements of a *Monell* claim are not enough; plaintiff must allege specific facts giving rise to a plausible *Monell* claim."); *J.K.G. v. Cty. of San Diego,* No. 11CV305 JLS RBB, 2011 WL 5218253, at *9 (S.D. Cal. Nov. 2, 2011) ("The Court finds that Plaintiff's complaint does not meet the pleading requirements of *Twombly* and *Iqbal*. Plaintiff merely recites the existence of unlawful policies, practices, and customs, without supporting these conclusory allegations with specific facts.").

Here, Plaintiff's *Monell* allegations fail to state a plausible claim for relief because they are conclusory and fail to provide any specifics as Plaintiff fails to cite any specific deficient policies, practices, or training that led to the alleged deprivation of Plaintiff's rights.  Plaintiff alleges that the County "maintained, enforced, tolerated, ratified, permitted, acquiesced in, and/or applied unconstitutional policies, practices, and/or customs with respect to the provision of medical services to prisoners in San Bernardino County jails, including Plaintiff." (FAC at ¶ 82.)  While Plaintiff may allege that the County had a "custom and

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4837-3999-0902 v1
10/5/18

- 13 -

5:18-CV-00912-JGB-SHK
COUNTY DEFTS' MTD

practice" of failing to ensure necessary procedures and treatments (FAC at ¶ 56), there is no factual basis for this conclusory allegations such as citations to specific policies or other examples.  Plaintiff's FAC is merely a boilerplate recitation of the elements of a *Monell* claim stating that the County had an unlawful official policy and/or widespread practice, or custom, and the courts have held that this is insufficient to state a claim under *Twombly* and *Iqbal*.  Therefore, Plaintiff's *Monell* claim should be dismissed.

## VIII.  <u>CONCLUSION</u>

Based on the foregoing, Defendants County of San Bernardino, Arrowhead Regional Medical Center, and Doctors Chau, Hui, and Ko should be dismissed. The allegations against these defendants are insufficient to state a claim for deliberate indifference.  The individual defendants are also entitled to qualified immunity and Plaintiff fails to state a claim for *Monell* liability.  Further, the entire suit should be procedurally barred due to the statute of limitations.

Dated:  October 5, 2018                    BURKE, WILLIAMS & SORENSEN, LLP


By: /s/ Susan E. Coleman
         Susan E. Coleman

Attorneys for Defendants
COUNTY OF SAN BERNARDINO,
ARROWHEAD REGIONAL MEDICAL
CENTER, MINH HANG CHAU, NOEL
HUI, and EDMOND KO

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4837-3999-0902 v1
10/5/18

- 14 -

5:18-CV-00912-JGB-SHK
COUNTY DEFTS' MTD