XAVIER BECERRA
Attorney General of California
RICHARD F. WOLFE
Supervising Deputy Attorney General
WILLIAM R. PRICE
Deputy Attorney General
State Bar No. 171531
　600 West Broadway, Suite 1800
　San Diego, CA 92101
　P.O. Box 85266
　San Diego, CA 92186-5266
　Telephone:  (619) 738-9533
　Fax:  (619) 645-2581
　E-mail:  William.Price@doj.ca.gov
*Attorneys for Defendants John Parsons, Donald B. Thornton, Bonifacio C. Esperanza, John Culton, David Dunn, Nicholas Aguilera, Joseph Bick, Ray Andreasen, Nabil Athanassious, Eli Richman, Balraj Dhillon, and Deepak Mehta*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **WILLIAM J. RICHARDS,**<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>**CHARLES PICKETT, JOHN PARSONS, DONALD B. THORNTON, BONIFACIO C. ESPERANZA, JOHN CULTON, DAVID DUNN, NICHOLAS AGUILERA, JOSEPH BICK, RAY ANDREASEN, NABIL ATHANASSIOUS, ELI RICHMAN, BALRAJ DHILLON, DEEPAK MEHTA, JOHN PRICE, CHAU, NOEL HUI, EDMUND KO, ARROWHEAD REGIONAL MEDICAL CENTER, COUNTY OF SAN BERNARDINO, and DOES 1 through 10, inclusive,**<br><br>　　　　　　　　　　Defendants. | 5:18-cv-00912-JGB-SHK<br><br>**DEFENDANTS JOHN PARSONS, DONALD B. THORNTON, BONIFACIO C. ESPERANZA, JOHN CULTON, DAVID DUNN, NICHOLAS AGUILERA, JOSEPH BICK, RAY ANDREASEN, NABIL ATHANASSIOUS, ELI RICHMAN, BALRAJ DHILLON, AND DEEPAK MEHTA'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**<br><br>Courtroom:　1<br>Judge:　　　The Honorable Jesus G. Bernal<br>Trial Date:　none set<br>Action Filed: 4/30/2018 |

1   Defendants JOHN PARSONS, DONALD B. THORNTON, BONIFACIO C.
2   ESPERANZA, JOHN CULTON, DAVID DUNN, NICHOLAS
3   AGUILERA, JOSEPH BICK, RAY ANDREASEN, NABIL ATHANASSIOUS,
4   ELI RICHMAN, BALRAJ DHILLON, and DEEPAK MEHTA (collectively,
5   "Defendants"), in response to Plaintiff's First Amended Complaint (Doc. #35),
6   filed on September 14, 2018, admit, deny, and aver as follows:

**JURISDICTION AND VENUE**

1. In response to paragraphs 1 and 2 of Plaintiff's First Amended Complaint, Defendants admit there are federal questions, that some alleged actions or inactions occurred within the Central District, and that some Defendants are residents of California. Except as admitted herein, defendants deny any remaining allegations for lack of information and belief.

**PARTIES**

2. In response to paragraph 1 of Plaintiff's First Amended Complaint, Defendants admit that Plaintiff is an adult, who was in the custody of the CDCR at various times between 1997 to 2016. Except as admitted herein, defendants deny any remaining allegations for lack of information and belief.

3. In response to paragraphs 4 to 15 of Plaintiff's First Amended Complaint, Defendants admit that the individually named Defendants were employed or otherwise agents of CDCR in the alleged time frames. Defendants deny that any medical care, attention, or treatment provided by said Defendants violated any constitutional right of Plaintiff. Defendants deny that any alleged policy, custom, or practice violated any constitutional right of Plaintiff. Except as admitted or denied herein, Defendants deny any remaining allegations for lack of information and belief.

4. In response to paragraph 16 - 18 of Plaintiff's First Amended Complaint, Defendants admit that the County of San Bernardino is a municipal entity, and that the Sheriff's Department is one agency/subdivision of the County. As to the

remaining allegations against these Defendants, answering Defendants lack sufficient information to admit or deny allegations, and therefore deny the allegations on that basis.

5. In response to paragraph 19 of Plaintiff's First Amended Complaint, Defendants lack sufficient information to admit or deny allegations regarding DOE defendants, and therefore deny the allegations on that basis.

## GENERAL ALLEGATIONS

6. In response to paragraph 20 of Plaintiff's First Amended Complaint, Defendants deny they were the agents or co-conspirators of any other Defendant.

7. In response to paragraphs 21 to 24 of Plaintiff's First Amended Complaint, Defendants deny they acted in concert with anyone to act unlawfully, deny they failed to implement necessary policies or training, deny they ratified any unlawful conduct, and deny they promulgated any policies, procedures, or practices that encouraged unlawful actions. Defendants deny they are jointly and severally liable. Defendants deny they acted maliciously, recklessly, or with reckless disregard to Plaintiff's health. Defendants deny any remaining allegations herein for lack of information and belief.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

8. In response to paragraph 25 of Plaintiff's First Amended Complaint, Defendants deny that Plaintiff was wrongfully convicted of murdering his wife. Defendants assert that Plaintiff is guilty of the murder but that his conviction was overturned on a technicality. Defendants admit that Plaintiff was incarcerated after his conviction in 1997, and that his conviction was reversed in May 2016, and that Plaintiff was released from custody in June 2016. Except as admitted herein, Defendants deny any remaining allegations herein for lack of information and belief.

9. In response to paragraph 26 of Plaintiff's First Amended Complaint, Defendants admit Plaintiff was in the custody of CDCR, and the named medical

1  personnel were employed or contracted by CDCR to provide medical services. At
2  present, Defendants lack sufficient information to admit or deny the allegations
3  regarding medical care and on that basis deny the allegations. Defendants deny that
4  any medical care or supervision of medical care violated the constitutional rights of
5  Plaintiff.

6      10.  In response to paragraph 27 of Plaintiff's First Amended Complaint,
7  Defendants admit Plaintiff was in the custody of CDCR, and the named medical
8  personnel were employed or contracted by CDCR to provide medical services. At
9  present, Defendants lack sufficient information to admit or deny the allegations
10 regarding Plaintiff's symptoms, testing, and medical care and on that basis deny the
11 allegations. Defendants deny that any medical care or supervision of medical care
12 violated the constitutional rights of Plaintiff.

13     11.  In response to paragraph 28 of Plaintiff's First Amended Complaint,
14 Defendants admit Plaintiff was in the custody of CDCR, and the named medical
15 personnel were employed or contracted by CDCR to provide medical services. At
16 present, Defendants lack sufficient information to admit or deny the allegations
17 regarding Plaintiff's symptoms, testing, and medical care and on that basis deny the
18 allegations. Defendants deny that any medical care or supervision of medical care
19 violated the constitutional rights of Plaintiff.

20     12.  In response to paragraph 29 of Plaintiff's First Amended Complaint,
21 Defendants admit Plaintiff was in the custody of CDCR, and the named medical
22 personnel were employed or contracted by CDCR to provide medical services. At
23 present, Defendants lack sufficient information to admit or deny the allegations
24 regarding Plaintiff's symptoms, testing, and medical care and on that basis deny the
25 allegations. Defendants deny that any medical care or supervision of medical care
26 violated the constitutional rights of Plaintiff.

27     13.  In response to paragraph 30 of Plaintiff's First Amended Complaint,
28 Defendants admit Plaintiff was in the custody of CDCR. At present, Defendants

lack sufficient information to admit or deny the allegations regarding Plaintiff's symptoms, testing, and medical care and on that basis deny the allegations. Defendants deny that any medical care or supervision of medical care violated the constitutional rights of Plaintiff. Plaintiff's allegations suggesting required medical protocols are incomplete and the subject of expert opinion, and on that basis are denied by Defendants.

14. In response to paragraph 31 of Plaintiff's First Amended Complaint, Defendants admit Plaintiff was in the custody of CDCR. At present, Defendants lack sufficient information to admit or deny the allegations regarding Plaintiff's symptoms, testing, and medical care and on that basis deny the allegations. Defendants deny that any medical care or supervision of medical care violated the constitutional rights of Plaintiff. Plaintiff's allegations regarding his general health, life expectancy, and hypothetical response to hypothetical treatments and medical protocols are incomplete and the subject of expert opinion, and on that basis are denied by Defendants.

15. In response to paragraph 32 of Plaintiff's First Amended Complaint, Defendants admit Plaintiff was in the custody of CDCR, and the named medical personnel were employed or contracted by CDCR to provide medical services. At present, Defendants lack sufficient information to admit or deny the allegations regarding Plaintiff's symptoms, testing, and medical care and on that basis deny the allegations. Defendants deny that any medical care or supervision of medical care violated the constitutional rights of Plaintiff.

16. In response to paragraph 33 of Plaintiff's First Amended Complaint, Defendants admit Plaintiff was in the custody of CDCR, and the named medical personnel were employed or contracted by CDCR to provide medical services. At present, Defendants lack sufficient information to admit or deny the allegations regarding Plaintiff's symptoms, testing, and medical care and on that basis deny the

allegations. Defendants deny that any medical care or supervision of medical care violated the constitutional rights of Plaintiff.

17. In response to paragraph 34 of Plaintiff's First Amended Complaint, Defendants admit Plaintiff was in the custody of CDCR. At present, Defendants lack sufficient information to admit or deny the allegations regarding the scope of Plaintiff's medical record review by any (unidentified) CDCR personnel. Defendants deny that any medical care or supervision of medical care violated the constitutional rights of Plaintiff.

18. In response to paragraph 35 of Plaintiff's First Amended Complaint, Defendants admit Plaintiff was in the custody of CDCR, and the named medical personnel were employed or contracted by CDCR to provide medical services. At present, Defendants lack sufficient information to admit or deny the allegations regarding Plaintiff's symptoms, testing, and medical care and on that basis deny the allegations. Defendants deny that any medical care or supervision of medical care violated the constitutional rights of Plaintiff.

19. In response to paragraph 36 of Plaintiff's First Amended Complaint, Defendants admit Plaintiff was in the custody of CDCR, and the named medical personnel were employed or contracted by CDCR to provide medical services. At present, Defendants lack sufficient information to admit or deny the allegations regarding Plaintiff's symptoms, testing, and medical care and on that basis deny the allegations. Defendants deny that any medical care or supervision of medical care violated the constitutional rights of Plaintiff. Plaintiff's allegations regarding his general health, medical condition, and hypothetical response to hypothetical treatments and medical protocols are incomplete and the subject of expert opinion, and on that basis are denied by Defendants.

20. In response to paragraph 37 of Plaintiff's First Amended Complaint, Defendants admit Plaintiff was in the custody of CDCR, and the named medical personnel were employed or contracted by CDCR to provide medical services. At

present, Defendants lack sufficient information to admit or deny the allegations regarding Plaintiff's symptoms, testing, and medical care and on that basis deny the allegations. Defendants deny that any medical care or supervision of medical care violated the constitutional rights of Plaintiff.

21. In response to paragraph 38 of Plaintiff's First Amended Complaint, Defendants admit Plaintiff was in the custody of CDCR, and the named medical personnel were employed or contracted by CDCR to provide medical services. At present, Defendants lack sufficient information to admit or deny the allegations regarding Plaintiff's symptoms, testing, and medical care and on that basis deny the allegations. Defendants deny that any medical care or supervision of medical care violated the constitutional rights of Plaintiff.

22. In response to paragraph 39 of Plaintiff's First Amended Complaint, Defendants admit Plaintiff was in the custody of CDCR, and the named medical personnel were employed or contracted by CDCR to provide medical services. At present, Defendants lack sufficient information to admit or deny the allegations regarding Plaintiff's symptoms, testing, and medical care and on that basis deny the allegations. Defendants deny that any medical care or supervision of medical care violated the constitutional rights of Plaintiff.

23. In response to paragraph 40 of Plaintiff's First Amended Complaint, Defendants admit Plaintiff was in the custody of CDCR, and the named medical personnel were employed or contracted by CDCR to provide medical services. At present, Defendants lack sufficient information to admit or deny the allegations regarding Plaintiff's symptoms, testing, and medical care and on that basis deny the allegations. Defendants deny that any medical care or supervision of medical care violated the constitutional rights of Plaintiff. Plaintiff's allegations regarding his general health, medical condition, and hypothetical response to hypothetical treatments and medical protocols are incomplete and the subject of expert opinion, and on that basis are denied by Defendants.

1      24.  In response to paragraph 41 of Plaintiff's First Amended Complaint,
2  Defendants admit Plaintiff was in the custody of CDCR, and the named medical
3  personnel were employed or contracted by CDCR to provide medical services.  At
4  present, Defendants lack sufficient information to admit or deny the allegations
5  regarding Plaintiff's symptoms, testing, and medical care and on that basis deny the
6  allegations.  Defendants deny that any medical care or supervision of medical care
7  violated the constitutional rights of Plaintiff.  Plaintiff's allegations regarding his
8  general health, medical condition, and hypothetical response to hypothetical
9  treatments and medical protocols are incomplete and the subject of expert opinion,
10 and on that basis are denied by Defendants.

11     25.  In response to paragraph 42 of Plaintiff's First Amended Complaint,
12 Defendants admit Plaintiff was in the custody of CDCR, and the named medical
13 personnel were employed or contracted by CDCR to provide medical services.  At
14 present, Defendants lack sufficient information to admit or deny the allegations
15 regarding Plaintiff's symptoms, testing, and medical care and on that basis deny the
16 allegations.  Defendants deny that any medical care or supervision of medical care
17 violated the constitutional rights of Plaintiff.

18     26.  In response to paragraph 43 of Plaintiff's First Amended Complaint,
19 Defendants admit Plaintiff was in the custody of CDCR, and the named medical
20 personnel were employed or contracted by CDCR to provide medical services.  At
21 present, Defendants lack sufficient information to admit or deny the allegations
22 regarding Plaintiff's symptoms, testing, and medical care and on that basis deny the
23 allegations.  Defendants deny that any medical care or supervision of medical care
24 violated the constitutional rights of Plaintiff.

25     27.  In response to paragraph 44 of Plaintiff's First Amended Complaint,
26 Defendants admit Plaintiff was in the custody of CDCR, for portions of the 2008-
27 2016 period, and the named medical personnel were employed or contracted by
28 CDCR to provide medical services.  At present, Defendants lack sufficient

information to admit or deny the allegations regarding Plaintiff's symptoms, testing, and medical care and on that basis deny the allegations. Defendants deny that any medical care or supervision of medical care violated the constitutional rights of Plaintiff.

28. In response to paragraph 45 of Plaintiff's First Amended Complaint, Defendants admit Plaintiff was in the custody of CDCR, for portions of the 2008-2010 period, and in the custody of San Bernardino County for other portions of the 2008-2013 period.

29. In response to paragraph 46 of Plaintiff's First Amended Complaint, these allegations concern County defendants, and therefore are not addressed by the CDCR defendants due to lack of information and belief.

30. In response to paragraph 47 of Plaintiff's First Amended Complaint, Defendants admit Plaintiff was in the custody of CDCR, for portions of the 2007-2008 period, and the named medical personnel were employed or contracted by CDCR to provide medical services. At present, Defendants lack sufficient information to admit or deny the allegations regarding Plaintiff's symptoms, testing, and medical care and on that basis deny the allegations. Defendants deny that any medical care or supervision of medical care violated the constitutional rights of Plaintiff.

31. In response to paragraph 48 of Plaintiff's First Amended Complaint, Defendants admit Plaintiff was in the custody of CDCR, for portions of the 2008-2012 period, and the named medical personnel were employed or contracted by CDCR to provide medical services. At present, Defendants lack sufficient information to admit or deny the allegations regarding Plaintiff's symptoms, testing, and medical care and on that basis deny the allegations. Defendants deny that any medical care or supervision of medical care violated the constitutional rights of Plaintiff. Plaintiff's allegations regarding his general health, medical condition, and hypothetical response to hypothetical treatments and medical

1  protocols are incomplete and the subject of expert opinion, and on that basis are
2  denied by Defendants.
3        32. In response to paragraph 49 of Plaintiff's First Amended Complaint,
4  Defendants admit Plaintiff was in the custody of CDCR, for some portion of the
5  "several years" period alleged, and the named medical personnel were employed or
6  contracted by CDCR to provide medical services. At present, Defendants lack
7  sufficient information to admit or deny the allegations regarding Plaintiff's
8  symptoms, testing, and medical care and on that basis deny the allegations.
9  Defendants deny that any medical care or supervision of medical care violated the
10 constitutional rights of Plaintiff. Plaintiff's allegations regarding his general health,
11 medical condition, and hypothetical response to hypothetical treatments and
12 medical protocols are incomplete and the subject of expert opinion, and on that
13 basis are denied by Defendants.
14       33. In response to paragraph 50 of Plaintiff's First Amended Complaint,
15 Defendants admit Plaintiff was in the custody of CDCR, for some portion of the
16 period alleged, and the named medical personnel were employed or contracted by
17 CDCR to provide medical services. At present, Defendants lack sufficient
18 information to admit or deny the allegations regarding Plaintiff's symptoms,
19 testing, and medical care and on that basis deny the allegations. Defendants deny
20 that any medical care or supervision of medical care violated the constitutional
21 rights of Plaintiff. Plaintiff's allegations regarding his general health, medical
22 condition, and hypothetical response to hypothetical treatments and medical
23 protocols are incomplete and the subject of expert opinion, and on that basis are
24 denied by Defendants.
25       34. In response to paragraph 51 of Plaintiff's First Amended Complaint,
26 Defendants admit Plaintiff was in the custody of CDCR, for some portion of the
27 period alleged, and the named medical personnel (excepting named County
28 personnel) were employed or contracted by CDCR to provide medical services. At

1  present, Defendants lack sufficient information to admit or deny the allegations
2  regarding Plaintiff's symptoms, testing, and medical care and on that basis deny the
3  allegations. Defendants deny that any medical care or supervision of medical care
4  violated the constitutional rights of Plaintiff. Plaintiff's allegations regarding his
5  general health, medical condition, and hypothetical response to hypothetical
6  treatments and medical protocols are incomplete and the subject of expert opinion,
7  and on that basis are denied by Defendants.

8      35. In response to paragraph 52 of Plaintiff's First Amended Complaint,
9  Defendants admit Plaintiff was in the custody of CDCR, for some portion of the
10 period alleged, and the named medical personnel (excepting named County
11 personnel) were employed or contracted by CDCR to provide medical services. At
12 present, Defendants lack sufficient information to admit or deny the allegations
13 regarding Plaintiff's symptoms, testing, and medical care and on that basis deny the
14 allegations. Defendants deny that any medical care or supervision of medical care
15 violated the constitutional rights of Plaintiff. Plaintiff's allegations regarding his
16 general health, medical condition, and hypothetical response to hypothetical
17 treatments and medical protocols are incomplete and the subject of expert opinion,
18 and on that basis are denied by Defendants.

19     36. In response to paragraph 53 of Plaintiff's First Amended Complaint,
20 Defendants admit Plaintiff was in the custody of CDCR, for some portion of the
21 period alleged, and the named medical personnel (excepting named County
22 personnel) were employed or contracted by CDCR to provide medical services. At
23 present, Defendants lack sufficient information to admit or deny the allegations
24 regarding Plaintiff's symptoms, testing, and medical care and on that basis deny the
25 allegations. At present, Defendants lack sufficient information to admit or deny the
26 allegations regarding any communications to or from Plaintiff's attorneys to or
27 from CDCR or County personnel, and on that basis deny the allegations.
28 Defendants deny that any medical care or supervision of medical care violated the

1 constitutional rights of Plaintiff. Plaintiff's allegations regarding his general health, medical condition, and hypothetical response to hypothetical treatments and medical protocols are incomplete and the subject of expert opinion, and on that basis are denied by Defendants.

37. In response to paragraph 54 of Plaintiff's First Amended Complaint, these allegations concern County defendants, and therefore are not addressed by the CDCR defendants due to lack of information and belief.

38. In response to paragraph 55 of Plaintiff's First Amended Complaint, Defendants admit Plaintiff was in the custody of CDCR, for some portion of the period alleged, and the named medical personnel (excepting named County personnel) were employed or contracted by CDCR to provide medical services. At present, Defendants lack sufficient information to admit or deny the allegations regarding Plaintiff's symptoms, testing, and medical care and on that basis deny the allegations. Defendants deny that any medical care or supervision of medical care violated the constitutional rights of Plaintiff, and deny that there was any custom and practice that violated the constitutional rights of inmate patients.

39. In response to paragraph 56 of Plaintiff's First Amended Complaint, these allegations concern County defendants, and therefore are not addressed by the CDCR defendants due to lack of information and belief.

40. In response to paragraph 57 of Plaintiff's First Amended Complaint, these allegations appear to concern events during a period Plaintiff was in the custody of County defendants, and the CDCR defendants lack sufficient information to admit or deny the allegations and on that basis deny the allegations. At present, Defendants lack sufficient information to admit or deny the allegations regarding Plaintiff's symptoms, testing, and medical care and on that basis deny the allegations. Defendants deny that any medical care or supervision of medical care violated the constitutional rights of Plaintiff. Plaintiff's allegations regarding his general health, medical condition, and hypothetical response to hypothetical

1    treatments and medical protocols are incomplete and the subject of expert opinion,
2    and on that basis are denied by Defendants.

3        41. In response to paragraph 58 of Plaintiff's First Amended Complaint,
4    Defendants lack sufficient information to admit or deny the allegations regarding
5    Plaintiff's May 3, 2016 medical consultation or any symptoms, testing, and medical
6    care and on that basis deny the allegations. Defendants deny that any medical care
7    or supervision of medical care violated the constitutional rights of Plaintiff, and
8    deny that there was any custom and practice that violated the constitutional rights of
9    inmate patients. Plaintiff's allegations regarding his general health, medical
10   condition, and hypothetical response to hypothetical treatments and medical
11   protocols are incomplete and the subject of expert opinion, and on that basis are
12   denied by Defendants.

13       42. In response to paragraph 59 of Plaintiff's First Amended Complaint,
14   Defendants lack sufficient information to admit or deny the allegations regarding
15   Plaintiff's current symptoms, testing, and medical care and on that basis deny the
16   allegations. Defendants deny that any medical care or supervision of medical care
17   violated the constitutional rights of Plaintiff, and deny that there was any custom
18   and practice that violated the constitutional rights of inmate patients. Plaintiff's
19   allegations regarding his general health, medical condition, and hypothetical
20   response to hypothetical treatments and medical protocols are incomplete and the
21   subject of expert opinion, and on that basis are denied by Defendants.

**PARTICIPATION, STATE OF MIND, AND DAMAGES**

23       43. In response to paragraphs 60 to 64 of Plaintiff's First Amended
24   Complaint, Defendants deny they acted illegally, knew of violations and failed to
25   prevent them, or ratified any violations. Defendants deny they are liable for the
26   failures or omissions of any other defendants. Defendants deny they acted
27   individually or in concert to violate Plaintiff's rights. Defendants deny they acted
28

1  intentionally or with deliberate indifference to violate Plaintiff's rights. Defendants
2  deny any remaining allegations herein for lack of information and belief.

3       44. In response to paragraphs 65 to 68 of Plaintiff's First Amended
4  Complaint, Defendants deny they provided Plaintiff with deficient, inadequate, or
5  untimely medical care. Defendants deny they were deliberately indifferent to
6  Plaintiff's medical care. Defendants deny their actions or inactions injured
7  Plaintiff. Defendants deny they acted willfully, maliciously, in bad faith, or with
8  deliberate indifference. Defendants deny any remaining allegations herein for lack
9  of information and belief.

## FIRST CAUSE OF ACTION: 42 USC 1983

11       45. In response to paragraph 69 of Plaintiff's First Amended Complaint,
12  Defendants re-allege and incorporate their responses to paragraphs 1 to 68 above.

13       46. In response to paragraphs 70-72 of Plaintiff's First Amended Complaint,
14  Defendants deny they denied Plaintiff of any rights, privileges, or immunities.
15  Defendants deny that the Fifth or Fourteenth Amendments apply to the provision of
16  medical care to a prisoner. Defendants deny they acted with deliberate indifference
17  to Plaintiff's medical needs. Defendants deny that they delayed or denied Plaintiff
18  access to proper medical care. Defendants deny any remaining allegations herein
19  for lack of information and belief.

20       47. In response to paragraphs 73 to 77 of Plaintiff's First Amended
21  Complaint, Defendants deny they conspired or otherwise acted to deprive Plaintiff
22  of any constitutional rights. Defendants deny they ratified or acquiesced in any
23  violations. Defendants deny they knowingly or in bad faith acted to violate
24  Plaintiff's rights or the law. Defendants deny Plaintiff was injured as a result of
25  their actions or inactions, and deny that they acted willfully, maliciously, or in
26  reckless disregard of Plaintiff's rights. Defendants deny Plaintiff is entitled to any
27  damages as a result of their actions or inactions. Defendants deny any remaining
28  allegations for lack of information and belief.

## SECOND CAUSE OF ACTION: MONELL

48. In response to paragraphs 78-83 of Plaintiff's First Amended Complaint, these allegations are solely against County defendants, and do not reference CDCR Defendants, and therefore are not addressed by the CDCR defendants.

## PRAYER FOR RELIEF

49. In response to Plaintiff's prayer for relief in his First Amended Complaint, Defendants deny that Plaintiff is entitled to judgment, damages, costs, or attorneys' fees.

## AFFIRMATIVE DEFENSES

AS SEPARATE AND AFFIRMATIVE DEFENSES, Defendants allege as follows:

## FIRST AFFIRMATIVE DEFENSE

50. The FAC fails to state a claim upon which relief can be granted. The FAC also fails to state a claim for relief against Defendants.

## SECOND AFFIRMATIVE DEFENSE

51. Defendants deny that Plaintiff has been deprived of any rights, privileges, or immunities guaranteed by the laws of the United States or by the laws of the State of California.

## THIRD AFFIRMATIVE DEFENSE

52. At all relevant times, Defendants acted within the scope of discretion, with due care, and good faith fulfillment of responsibilities pursuant to applicable statutes, rules and regulations, within the bounds of reason under the circumstances, and with the good faith belief that their actions comported with all applicable laws. Defendants therefore assert their qualified immunity from liability.

## FOURTH AFFIRMATIVE DEFENSE

53. Plaintiff has suffered no actual injury due to Defendants' conduct.

## FIFTH AFFIRMATIVE DEFENSE

54. Defendants deny that they violated Plaintiff's Fifth, Eighth, Fourteenth

Amendment rights, or any other state, federal, constitutional, or other rights.

### SIXTH AFFIRMATIVE DEFENSE

55. Plaintiff's own conduct estops him from claiming the damages alleged in the FAC. Plaintiff also failed to mitigate his damages.

### SEVENTH AFFIRMATIVE DEFENSE

56. At all relevant times, each Defendant acted independently and not in association or concert with or as agent or servant of any other Defendant, including any sued herein under fictitious names, or of the employees or agents of other Defendants.

### EIGHTH AFFIRMATIVE DEFENSE

57. Plaintiff's claims are barred by all applicable statutes of limitations.

### NINTH AFFIRMATIVE DEFENSE

58. Defendants are immune to suit for damages in their official capacities pursuant to the Eleventh Amendment of the U.S. Constitution.

### TENTH AFFIRMATIVE DEFENSE

59. Plaintiff is not entitled to punitive damages because Defendants did not act with malicious intent to deprive Plaintiff of any constitutional right or to cause any injury.

### ELEVENTH AFFIRMATIVE DEFENSE

60. Because the FAC is couched in conclusory terms, Defendants cannot fully anticipate all affirmative defenses that may be applicable to this action. Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved.

### DEMAND FOR A JURY TRIAL

Defendants hereby demand a trial before a jury on all issues presented by Plaintiff's First Amended Complaint triable to a jury.

WHEREFORE, Defendants pray that:

1. Judgment be rendered in favor of Defendants and against Plaintiff;

2. Plaintiff take nothing by his First Amended Complaint;

3. Defendants be awarded costs of suit incurred herein; and

4. Defendants be awarded such other and further relief as the Court may deem necessary and proper.

Dated: January 11, 2019

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
RICHARD F. WOLFE
Supervising Deputy Attorney General

*/s/ WILLIAM R. PRICE*

WILLIAM R. PRICE
Deputy Attorney General
*Attorneys for Defendants John Parsons, Donald B. Thornton, Bonifacio C. Esperanza, John Culton, David Dunn, Nicholas Aguilera, Joseph Bick, Ray Andreasen, Nabil Athanassious, Eli Richman, Balraj Dhillon, and Deepak Mehta*

SD2018701372
71700997.docx

# CERTIFICATE OF SERVICE

Case Name: **Richards v. Pickett**     Case No. **5:18-cv-00912-JGB-SHK**

I hereby certify that on **January 11, 2019**, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS JOHN PARSONS, DONALD B. THORNTON, BONIFACIO C. ESPERANZA, JOHN CULTON, DAVID DUNN, NICHOLAS AGUILERA, JOSEPH BICK, RAY ANDREASEN, NABIL ATHANASSIOUS, ELI RICHMAN, BALRAJ DHILLON, AND DEEPAK MEHTA'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **January 11, 2019**, at San Diego, California.

E. Empero
Declarant

Signature

SD2018701372
71712406.docx